[Cite as *State v. Eldridge*, 2026-Ohio-3071.]

**IN THE OHIO COURT OF APPEALS
FIFTH APPELLATE DISTRICT
KNOX COUNTY, OHIO**

| | |
|---|---|
| STATE OF OHIO | Case No. 25CA000024 |
| Plaintiff - Appellee | Opinion And Judgment Entry |
| -vs- | Appeal from the Court of Common Pleas, Case No. 25CR03-0042 |
| AARON K. ELDRIDGE | Judgment: Affirmed |
| Defendant - Appellant | Date of Judgment Entry: August 7, 2026 |

**BEFORE:** Craig R. Baldwin; Andrew J. King; David M. Gormley, Judges

**APPEARANCES:** CHARLES R. MCCONVILLE, NICOLE E. DERR, for Plaintiff-Appellee; CHRIS BRIGDON, for Defendant-Appellant.

*King, J.*

{¶ 1}  Defendant-Appellant Aaron Eldridge appeals the November 14, 2025 judgment of conviction and sentence of the Knox County Court of Common Pleas. Plaintiff-Appellee is the State of Ohio. We affirm the trial court.

Facts and Procedural History

{¶ 2}  On March 10, 2025, the Knox County Grand Jury returned a 22-count indictment charging Eldridge with one count of trafficking in cocaine, a felony of the first degree, one count of having weapons under disability, a felony of the third degree, and 20 counts of illegal use of a minor in a nudity-oriented material or performance, each felonies of the second degree. The drug and weapons charges included a major drug offender specification, three forfeiture specifications, and a firearm specification.

{¶ 3} On October 16, 2025, following plea negotiations with the State, Eldridge entered pleas of guilty to trafficking in cocaine with a major drug offender specification, a firearm specification, and forfeiture specifications, and four counts of use of a minor in nudity-oriented material or performance. In exchange for Eldridge's pleas, the State moved to dismiss the balance of the indictment and agreed to recommend an aggregate 20-year sentence. The trial court accepted Eldridge's pleas and ordered a pre-sentence investigation.

{¶ 4} On November 13, 2025, Eldridge appeared for sentencing. The trial court sentenced Eldridge to an indefinite aggregate prison term of 28 to 33.5 years.

{¶ 5} Eldridge filed an appeal and the matter is now before this court for consideration. He raises two assignments of error as follows:

I

{¶ 6} "THE TRIAL COURT ERRED BY IMPOSING CONSECUTIVE SENTENCES WHERE THE RECORD DOES NOT CLEARLY AND CONVINCINGLY SUPPORT THE FINDINGS REQUIRED BY R.C. §2929.14(C)(4)."

II

{¶ 7} "THE TRIAL COURT ERRED BY IMPOSING MAXIMUM CONSECUTIVE SENTENCES WITHOUT ADEQUATELY CONSIDERING THE PARTIES' JOINTLY RECOMMENDED SENTENCE AND WITHOUT DEMONSTRATING THAT THE AGGREGATE SENTENCE WAS CONSISTENT WITH THE PURPOSES AND PRINCIPLES OF FELONY SENTENCING UNDER §2929.11."

{¶ 8} Because they are interrelated, we elect to address Eldridge's assignments of error together. In his first and second assignments of error Eldridge argues the record does not support the imposition of maximum consecutive sentences. We disagree.

**Standard of Review**

{¶ 9} This court reviews felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum*, 2016-Ohio-1002 ¶ 22; *State v. Howell*, 2015-Ohio-4049, ¶ 31 (5th Dist.). Subsection (G)(2) sets forth this court's standard of review as follows:

> (2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court. The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law.

{¶ 10} Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus. "Where the degree of proof required to sustain an issue must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." *Cross*, 161 Ohio St. at 477.

### Sentencing Considerations

{¶ 11} The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences. See *State v. Foster*, 2006-Ohio-856, at paragraph seven of the syllabus. However, the trial court must comply with all applicable rules and statutes, including R.C. 2929.11 and R.C. 2929.12. *State v. Mathis*, 2006-Ohio-855. A sentence is not contrary to law when it is within the authorized statutory range and the trial court states that it has considered the principles and purposes of sentencing and the seriousness and recidivism factors contained in R.C. 2929.11 and R.C. 2929.12. *State v. Smith*, 2016-Ohio-1269, ¶ 25 (2d Dist.).

{¶ 12} In *State v. Jones*, 2020-Ohio-6729, ¶ 39, the Supreme Court of Ohio found R.C. 2953.08(G)(2)(b) "does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." Also, "[n]othing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *Id*. at ¶ 42.

{¶ 13} R.C. 2929.14(C)(4) governs consecutive sentences. That section states:

(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 14}   In Ohio, there is a presumption a court will impose concurrent sentences. *State v. Bonnell*, 2014-Ohio-3177, ¶ 16; R.C. 2929.41(A). This presumption is overcome when the trial court makes the consecutive sentencing findings described in R.C. 2929.14(C)(4). "R.C. 2953.08(G)(2) requires an appellate court to defer to a trial court's consecutive-sentence findings, and the trial court's findings must be upheld unless those findings are clearly and convincingly not supported by the record." *State v. Gwynne*, 2023-Ohio-3851, ¶ 5. "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶ 15}   When imposing consecutive sentences, a trial court must state the required findings at the sentencing hearing. *State v. Bonnell*, 2014-Ohio-3177, ¶ 29. Because a court speaks through its journal, the court should also incorporate its statutory findings into the sentencing entry. *Id*. However, a word-for-word recitation of the language of the statute is not required. *Id*. As long as the reviewing court can discern the trial court engaged in the correct analysis and can determine the record contains evidence to support the findings, consecutive sentences should be upheld. *Id*.

Eldridge's Complaints

{¶ 16} First, Eldridge argues the trial court's sentence exceeded the jointly recommended sentence of the parties. It is well settled however, that a trial court is not bound by a jointly recommended sentence. *State v. Underwood*, 2010-Ohio-1., ¶ 28 The trial court advised Eldridge of this fact during his change of plea hearing. Eldridge stated he understood,

and with that knowledge was still willing to go forward with his guilty plea. Transcript of plea hearing (TP), at 6.

{¶ 17} Next, Eldridge argues the trial court erred in imposing maximum consecutive sentences because the record does not support the imposition of maximum consecutive sentences. We disagree.

{¶ 18} We first note that Eldridge entered into a plea agreement which included his agreement to the imposition of consecutive sentences. TP, 2-3. He cannot now argue that consecutive sentences are inappropriate. We further note that the record reflects three different courses of conduct, specifically, drug trafficking, a weapons charge, and child pornography. The facts therefore clearly meet the requirements of R.C. 2929.14(C)(4)(b).

{¶ 19} Moreover, as held by the Supreme Court of Ohio "In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings." *State v. Bonnell*, 2014-Ohio-3177, syllabus. Here, the trial court made the requisite consecutive sentence findings as required and Eldridge does not dispute that fact. Transcript of sentencing (TS), 20-21.

{¶ 20} Finally, Eldridge argues the imposition of maximum consecutive sentences without explanation is inconsistent with the proportionality requirements of R.C. 2929.11. As noted above, however, a sentence is not contrary to law when it is within the authorized statutory range and the trial court states that it has considered the principles and purposes of sentencing and the seriousness and recidivism factors contained in R.C. 2929.11 and R.C. 2929.12. Eldridge does not dispute that his sentences are within the statutory range. During

the sentencing hearing as well as in its sentencing judgment entry, the trial court noted its consideration of the purposes and principles of sentencing contained in R.C. 2929.11. TS 18; Sentencing Entry, November 14, 2025 at 1. The trial court was not required to make any specific findings on the record. *State v. Jones*, 2020-Ohio-6729, ¶ 20.

{¶ 21} Upon review of the record, we find the trial court properly considered the factors set forth in R.C. 2929.11 and R.C. 2929.12, imposed sentences within the permissible statutory range, explained the reason for consecutive service meeting the mandates under R.C. 2929.14(C)(4), and there is nothing in the record to indicate the trial court imposed the sentence based on impermissible considerations. Eldridge's sentence, including the consecutive service, is therefore not clearly and convincingly contrary to law. Accordingly, Eldridge's assignments of error are overruled.

{¶ 22} The judgment of the Knox County Court of Common Pleas is affirmed. Costs to Appellant.

By: King, J.

Baldwin, P. J. and

Gormley, J. concur.